IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION

IN THE MATTER OF:

NAME(S):   KHAN, DONNA LYNN MORRIS     CHAPTER 12 NO. 15-40270
                                       OUR FILE NO. 13979

ADDRESS:   P.O. BOX 788
           OLD FORT, NC 28762

SSN:       --- -- 8005

DEBTOR(S).
_____

### SECOND CHAPTER 12 BANKRUPTCY PLAN

The following is the second Chapter 12 plan proposed by the above named debtor. The first chapter 12 was denied by the Court. This plan supersedes any and all other plans that have been filed in this case. The plan may also include in its provisions certain motions to avoid liens and motions for valuation of collateral securing claims:

**TAKE NOTICE: YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THE PLAN CAREFULLY, INCLUDING ANY MOTIONS CONTAINED IN THE PLAN, AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

If you do not want the Court to confirm the proposed Second plan of the debtor, including any of the motions included in the plan, or if you want the court to consider your views on these matters, then you or your attorney must file a written objection to confirmation and request for hearing on confirmation at the following address:

Clerk, US Bankruptcy Court, 401 West Trade Street, Charlotte NC 28202

If you or your attorney do not take these steps, the Court may decide that you do not oppose the proposed plan of the debtor(s), including any motions contained in the plan, and may enter an order confirming the plan and granting the motions. Any objection to confirmation must include the specific reasons for your objection, and must be filed with the Court.

A.    Classes of Creditors

**1.0  Administrative Claims**

The plan will first pay all administrative claims including, but not exclusively, court costs, accountant fees, trustee expenses, attorney fees, or any other administrative claim so ordered by the Court. The attorney for the debtor shall be paid a flat fee of $4,500.00 to be paid through the Chapter 12 Trustee, with any additional fees to be subject to court approval after appropriate motion. The attorney fee will be paid from the first two plan payments, up to the trustee commission, with disbursements on the conduit mortgage payment starting from the third plan payment. After the second payment, the remaining attorney fee balance will be paid pro-rata with other secured payments.

Trustee's Costs. The trustee shall be entitled to reimbursement of fees and costs up to the statutory maximum on each disbursement made by the trustee, regardless of

whether it is paid prior to or following confirmation.

**2.0 Priority Claims of Governmental Units**

       To the extent such a claim is entitled to priority under 11 U.S.C. Section 507, it shall be deferred and paid by the trustee through monthly payments from the debtor's Chapter 12 plan payment.

**3.0    Secured Claims.**

A.    <u>Ally Financial</u> - secured by first lien on a 2005 Cadillac STS in the amount of $1,047.57.

       The claim of Ally Financial will be paid in full under the plan or, if applicable, up to the fair market value of the collateral which is set at $5,050.00 with 5.25% interest.

B.    <u>USDA Farm Service Agency</u> - secured by three pieces of farm equipment, a first Deed of Trust on 116.5 acre parcel in McDowell County and a second Deed of Trust on the debtor's residence and three acre parcel on which the home is located.

       The claim of USDA Farm Service Agency has been reorganized and thus is current with repayment to begin in May 2016. Upon payments on the said claim becoming due, such payments will be made direct to the creditor by the debtor outside the plan herein.

C.    <u>NCHFA</u> – mortgage assistance funds from Hardest Hit Fund.

       Debt not subject to repayment as long as residence is maintained for 10 years so no payment under the plan.

D.    <u>SLS</u> - secured by first Deed of Trust on home on 3 acre lot at 3326 Parker Padgett Road, Old Fort, North Carolina in the amount of $158,821.12.

       The Claim of SLS will be treated as a conduit payment to be made by the chapter 12 trustee in the amount of the contractual monthly payment. That payment shall be $1,029.68 per month. The proposed chapter 12 plan shall be adjusted to allow for that payment.

E.    The arrearage claim of SLS shall be paid over the 5 year plan period. The arrears shall be cured by a combination of monthly payments by the Chapter 12 Trustee over the 5 year period and annual lump sum payments to be made by the debtor. The total arrears shall be paid in full through a combination of both within the 60 month period. The Trustee shall pay $200.00 from the monthly payments on the arrears each month. This will cure an estimated $12,000 of the arrears. The remainder shall be made by annual payments in the amount to cure the arrears in 5 years.

F.    The debtor shall complete a loan modification application on the mortgage. If the loan modification is successful the debtor shall file a motion to approve and the plan will be adjusted based on the treatment of the loan modification. The loan modification shall be approved by the lender.

**4.0    General Unsecured Debt**

       All timely filed, allowed unsecured creditors will be paid no less than a 100%

dividend on their claims. General unsecured shall be paid on a pro rata basis with payment to commence after the payment of all administrative, secured and priority claims are paid in full. These payments will be paid by the Chapter 12 Trustee. Such claims will also be entitled to any proceeds from any sale of the property, if necessary, after such funds have been applied and satisfied all administrative, secured, and priority unsecured claims in full.

### 5.0     Estimated and Proposed Plan Payment

The following is a proposed payment to the Chapter 12 trustee to be made for 60 months:

1. Payments of $1,600.00 per month for 6 months pending application of loan modification.

2. If loan modification is not granted and approved payments of $2,000.00 per month starting with the 7th month.

3. First payment will be made by 30 days after filing date of this amendment.

### B. Filing of Proofs of Claim

The trustee shall only distribute payments, including adequate protection payments, to creditors who have actually <u>filed</u> proofs of claim (including adequate proof of security) with the Court that are deemed allowed pursuant to 11 U.S.C. § 502(a). However, if a creditor does not timely file a proof of claim of such creditor's claim, then either the debtor of the Chapter 12 Trustee may file such a claim as provided in 11 U.S.C. § 501(c) and Local Administrative Order as entered on November 30, 2011.

The Chapter 12 Trustee shall mail payments to the address provided on the proof of claim unless the claimant provides the Trustee with another address in writing for payments to be sent. If the claim is assigned or transferred, the Trustee shall continue to remit payments to the original claimant until a formal notice of assignment or transfer is filed with the Court and served on the parties as provided for by Rule 3001(e) of the Bankruptcy Rules.

### C. Domestic Support Obligations

There are no Domestic Support Obligations

### D. Executory Contracts and Unexpired Leases

The debtor specifically rejects any and all contractual provisions relating to claim arbitration for any debts as indicated in the schedules filed in the instant case and incorporated herein by reference.

### E. Chapter 12 Trustee Commission

The Chapter 12 Trustee shall be paid a commission at the lawful set rate from all funds distributed through the Chapter 12 bankruptcy plan. To the extent the said commission is increased or reduced during the pendency of the plan, then such a reduction or increase shall apply to this plan as of the effective date of such action.

### General Provisions

1. To receive payment from the trustee, either prior to or following confirmation, a

secured creditor must file a proof of claim. Secured claims which are not filed within the time period required by Federal Bankruptcy Rule 3002(c) may be disallowed or subordinated to other claims upon further order of the Court.

2. Confirmation of this plan does not bar a party in interest from objecting to a claim for good cause shown.

3. Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the trustee, unless an itemized proof of claim for any deficiency is filed within one-hundred twenty (120) days (or one-hundred eighty (180) days if the property is real estate or manufactured housing) (or such other period as the Court orders) after the removal of the property from the protection of the automatic stay. For purposes hereof, the removal date shall be the date of the entry of the order confirming the plan, modifying the plan, or granting relief from stay. This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or release to another lien holder.

4. If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the plan.

5. Property of the estate includes all of the property specified in 11 U.S.C. Section 541 and all property of the kind specified in such section acquired by the debtor(s) after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code. All property of the debtor remains vested in the estate until completion of the plan.

6. All arrearages paid under the provisions of the plan will either accrue interest at the interest rate set forth in the plan under paragraph 4(d) of the Plan Details, or will accrue no interest if the plan so designates this treatment under the same paragraph. "Administrative Arrearages" is defined as the total amount of two full post-petition mortgage payments, which for purposes of distribution will be created by the Bankruptcy Trustee or added to the pre-petition arrearage claim if it exists.

7. Confirmation of the plan shall impose a duty on Real Property Creditors and/or servicers of such Creditors, with respect to application of mortgage and mortgage-related payments, to comply with the provisions of 11 U.S.C. §524(i), Local Rule 4001-1(e) and all Administrative Order(s) of the Bankruptcy Court relating to Arrearages, Administrative Arrearages, Mortgage Payments, and Conduit Mortgage Payments. The terms and conditions of the respective Administrative Orders are specifically incorporated herein by this reference as if completely set-forth with respect to the acceptance and application of all funds pursuant to the Conduit Mortgage Payment Rule. As a result, all Real Property Creditors and/or servicers for such Creditors shall have an affirmative duty to do the following upon confirmation of the Plan:

    A. To apply all post-petition payments received from the Chapter 12 Trustee and designated to the pre-petition arrearage claim and the administrative arrearage claim only to such claims;

    B. To apply all post-petition payments received from the Chapter 12 Trustee and designated as Conduit Mortgage Payments beginning with the calendar month and year designated for payment by the Court in the Order Confirming Plan;

    C.    To apply all post-petition payments received directly from the Debtor in a non-conduit mortgage plan only to post-petition payments unless otherwise ordered by the Court;

    D.    To refrain from assessing or adding any additional fees or charges to the loan obligation of the Debtor based solely on the pre-petition default;

    E.    To refrain from assessing or adding any additional fees or charges to the loan obligation of the Debtor (including additional interest, escrow and taxes) unless notice of such fees and charges has been timely filed pursuant to the Administrative Orders of the Court, and a proof of claim has been filed and has not been disallowed upon objection of the Chapter 12 Trustee or the Debtor;

    F.    To the extent that any post-confirmation fees or charges are allowed pursuant to the said Administrative Order and are added to the Plan, to apply only payments received from the Chapter 12 Trustee and designated in payment of such fees and charges to such fees and charges.

    G.    To the extent that any post-confirmation fees or charges are allowed pursuant to the said Administrative Order and are NOT added to the Plan, to apply only payments received directly from the Debtor and designated in payment of such fees and charges to such fees and charges.

8. All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 12 case.

I declare under penalty of perjury that the information provided in the Chapter 12 Plan, including Motion(s) for Valuation; Motion(s) to Avoid Certain Liens; and Motion(s) for Assumption and Rejection of Executory Contracts and Unexpired Leases; as to all matters set forth herein are true and correct.

Dated: March 9, 2016                                          /s/ Donna Lynn Morris Khan
                                                                     Donna Lynn Morris Khan

I hereby certify that I have reviewed this document with the debtor(s) and that the debtor(s) have received a copy of this document.

Dated: March 9, 2016

                                                                      Attorney for the Debtor(s)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION**

**IN THE MATTER OF:**

**NAME(S):**   KHAN, DONNA LYNN MORRIS     CHAPTER 12 NO. 15-40270
OUR FILE NO. 13979

**ADDRESS:**   P.O. BOX 788
OLD FORT, NC 28762

**SSN:**   --- -- 8005

**DEBTOR(S).**
_____

**NOTICE OF SECOND CHAPTER 12 BANKRUPTCY PLAN
AND
NOTICE OF HEARING**

**TAKE NOTICE** that the above-named debtor has filed her Chapter 12 plan with the United States Bankruptcy Court for the Western District of North Carolina.  A copy of these paper(s) is included with this Notice or copied on the reverse side of this Notice.

**YOUR RIGHTS MAY BE AFFECTED.  YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**TAKE FURTHER NOTICE** that if you do not want the Court to grant the relief requested by the debtors in their motion, or if you want the Court to consider your views on the motion, then on or before the **24th day of March 2016,** you or your attorney must do three (3) things:

1.   **File with the court a written response requesting that the Court hold a hearing and explaining your position.  File the response at:**

   United States Bankruptcy Court
   Western District of North Carolina
   401 W. Trade St.
   Charlotte, NC 28234

   If you mail your request to the Court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

2.   **On or before the date stated above for written responses, you must also mail or fax a copy of your written request to:**

   William S. Gardner
   Attorney for the Debtor(s)
   320-1 E. Graham Street
   Shelby, NC 28150
   (888) 870.1644

   and to:

       Steven G. Tate
       Chapter 12 Trustee
       212 Cooper Street
       Statesville, NC 28677
       (704) 873-3476

3. **Attend the hearing scheduled for Friday, April 29th, 2016 at 9:30 a.m.** in Courtroom Number 5 at the Cleveland County Courthouse and Law Enforcement Center, 100 Justice Place, Shelby, North Carolina.

If you or your attorney do not take these steps the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Dated this the 9th day of March 2016.

*[signature]*

_____
William S. Gardner
Gardner Law Offices, PLLC
Attorney for the Debtor
320-1 East Graham Street
Shelby, NC 28150
N.C. State Bar No. 32684
(704) 600-6113
Fax (888) 870-1644
e-mail: billgardner@gardnerlawoffices.com

## CERTIFICATE OF SERVICE

WILLIAM S. GARDNER, attorney for the debtors, hereby certifies to the Court as follows:

1. I am not a party for the foregoing proceeding;
2. I am not less than 18 years of age;
3. I have this day served a copy of the foregoing **SECOND CHAPTER 12 BANKRUPTCY PLAN AND NOTICE OF HEARING** on all parties in interest by placing the same in an envelope, first-class mail, postage prepaid, addressed to each person at his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession as follows:

Donna Lynn Morris Khan
P.O. Box 788
Old Fort, NC 28762

**And via the Court's Electronic Case Filing System to:**

Steven G. Tate, Trustee
212 Cooper Street
Statesville, NC 28677

Linda W. Simpson
Bankruptcy Administrator
402 W. Trade St., Room 200
Charlotte, NC 28202-1664

4. I have also served copies of the **PLAN AND NOTICE** on all creditors listed on the master mailing matrix, a copy of which is attached hereto, in the same manner and method as described in paragraph number 3 above;
5. To the best of my knowledge, information and belief, the parties in interest are not infants or incompetent persons;
6. Service as outlined herein was made within the United States of America.

Dated this the _____ day of March 2016.

_____
William S. Gardner
Gardner Law Offices, PLLC
Attorney for the Debtor
320-1 East Graham Street
Shelby, NC 28150
N.C. State Bar No. 32684
(704) 600-6113
Fax (888) 870-1644
e-mail: billgardner@gardnerlawoffices.com

MATRIX ATTACHED HERETO AS EXHIBIT "A"

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0419-4<br>Case 15-40270<br>Western District of North Carolina<br>Shelby<br>Wed Mar  9 21:09:20 EST 2016 | GE Capital Retail Bank<br>c/o Recovery Managment Systems Corp.<br>Attn: Ramesh Singh<br>25 SE 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 | Shelby Division<br>401 West Trade Street<br>Charlotte, NC 28202-1633 |
| AT&T<br>P.O. Box 8218<br>Aurora, IL  60507 | Ally Financial<br>P.O. Box 380901<br>Bloomington, MN 55438-0901 | American Express Centurion Bank<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern  PA 19355-0701 |
| Amerifinancial Solutions<br>Act 1999*<br>P.O. Box 602570<br>Charlotte, NC  28260-2570 | Amerifinancial Solutions<br>Act 2049*<br>P.O. Box 602570<br>Charlotte, NC  28260-2570 | Amerifinancial Solutions<br>Act 2181*<br>P.O. Box 602570<br>Charlotte, NC  28260-2570 |
| Asheville Cardiology<br>P.O. Box 602396<br>Asheville, NC 28260-2396 | Asheville Pulmonary<br>30 Choctaw St.<br>Asheville, NC 28801-4514 | BB&T Bankruptcy Section<br>100-70-01-51<br>P.O. Box 1847<br>Wilson, NC  27894-1847 |
| Best Buy/CBNA<br>P.O. Box 6497<br>Sioux Falls, SD 57117-6497 | Capital One Bank (USA), NA<br>P.O. Box 30281<br>Salt Lake City, UT  84130-0281 | Carolina Mountain Emergency Medicine<br>P.O. Box 602389<br>Charlotte, NC  28260-2389 |
| Chase Bank USA<br>P.O. Box 15298<br>Wilmington, DE 19850-5298 | FV-I, Inc., Trustee (See B10)<br>c/o Specialized Loan Servicing LLC<br>8742 Lucent Blvd, Suite 300<br>Highlands Ranch, Colorado 80129-2386 | Farm Service Agency<br>130 Ammons Dr., Suite 1<br>Morganton, NC 28655-4669 |
| GE Capital Retail Bank<br>c/o Recovery Management Systems Corp.<br>25 SE 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 | GMAC<br>P.O. Box 380903<br>Bloomington, MN 55438-0903 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| Internal Revenue Service<br>P.O. Box 7317<br>Philadelphia, PA 19101-7317 | Mahmoodullah Khan<br>P.O. Box 788<br>Old Fort, NC  28762-0788 | McDowell County Tax Collector<br>60 E. Court St.<br>Marion, NC 28752-4041 |
| Midland Credit Management, Inc.<br>P.O. Box 603, Dept 12421<br>Oaks, PA 19456-0603 | Mission Hospital<br>50 Schenck Pkwy<br>Asheville, NC 28803-3499 | Mountain Kidney & Hypertension Assoc PA<br>P.O. Box 63296<br>Charlotte, NC  28263-3296 |
| NC Department Of Revenue<br>P.O. Box 25000<br>Raleigh, NC  27640-0002 | NC Dept Of Revenue<br>P.O. Box 1168<br>Raleigh, NC 27602-1168 | NC Housing Finance Agency<br>3508 Bush St<br>Raleigh, NC 27609-7509 |

| | | |
|---|---|---|
| NCHFA<br>Attn: Nell Caldwell<br>P.O. Box 28066<br>Raleigh, NC 27611-8066 | North Carolina Department of Revenue<br>Bankruptcy Unit<br>P.O. Box 1168<br>Raleigh, NC 27602-1168 | Optimum Outcomes<br>421 Fayetteville St., Ste 600<br>Raleigh, NC 27601-1777 |
| Optimum Outcomes, Inc.<br>Act 3026*<br>2651 Warrenville Rd, Suite 500<br>Downers Grove, IL 60515-5559 | Optimum Outcomes, Inc.<br>Act 3154*<br>2651 Warrenville Rd, Suite 500<br>Downers Grove, IL 60515-5559 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Professional Medical Adjustment Bureau<br>Act 3822*<br>4135 S. Stream Blvd., Suite 400<br>Charlotte, NC 28217-4636 | Professional Medical Adjustment Bureau<br>Act 8264*<br>4135 S. Stream Blvd., Suite 400<br>Charlotte, NC 28217-4636 | Professional Recovery Consultants<br>2700 Meridian Pkwy, Suite 200<br>Durham, NC 27713-2450 |
| SLS<br>8742 Lucent Blvd, Suite 300<br>Highland Ranch, CO 80129-2386 | The McDowell Hospital<br>P.O. Box 730<br>Marion, NC 28752-0730 | U.S. Attorney's Office<br>Room 207 US Courthouse<br>100 Otis St.<br>Asheville, NC 28801-2608 |
| US Attorney's Office<br>Suite 1700 Carillon Building<br>227 W. Trade St.<br>Charlotte, NC 28202-1675 | USDA Farm Service Agency<br>130 Ammons Dr., Suite 1<br>Morganton, NC 28655-4669 | USDA Farm Service Agency<br>4407 Bland Road, Suite 175<br>Raleigh, NC 27609-6875 |
| Verizon Wireless<br>Bankruptcy Group<br>P.O. Box 3397<br>Bloomington, IL 61702-3397 | Donna Lynn Morris Khan<br>P.O. Box 788<br>Old Fort, NC 28762-0788 | Steven G. Tate<br>212 Cooper Street<br>Statesville, NC 28677-5856 |
| William S. Gardner<br>Gardner Law Offices, PLLC<br>320-1 E. Graham St.<br>Shelby, NC 28150-5569 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| IRS<br>P.O. Box 21126<br>Philadelphia, PA  19114 | Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk VA 23541 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Specialized Loan Servicing LLC, Servicing

End of Label Matrix
Mailable recipients    48
Bypassed recipients     1
Total                  49